**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4444**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAMEL L. GLOSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:09-cr-00094-RBS-FBS-1)

Submitted: March 31, 2011          Decided:  April 11, 2011

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Caroline S. Platt, Research and Writing Attorney, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Joseph L. Kosky, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamel Gloster appeals the forty-eight month sentence imposed for convictions for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006), false claim, in violation of 18 U.S.C. § 287 (2006), theft of public property, in violation of 18 U.S.C. § 641 (2006), making a false statement, in violation of 18 U.S.C. § 1001 (2006), and making a false statement related to naturalization and citizenship, in violation of 18 U.S.C. § 1015 (2006). Gloster argues that the district court's upward variance sentence of seven months above the Sentencing Guidelines range was substantively unreasonable. Finding no error, we affirm.

Gloster was a service member in the United States Navy from 2000 to 2009. Shamel and his wife, Beryl, were charged in a multiple-count conspiracy involving their alleged fraudulent marriage in an attempt to gain dependent pay for Shamel through the Navy and for Beryl, a Kenyan citizen, to receive permanent resident status, and eventual citizenship. After the convictions, the probation officer prepared a pre-sentence report (PSR), calculating Gloster's advisory Sentencing Guidelines range to be thirty-three to forty-one months. The probation officer calculated the potential amount of loss at $137,862.16. For the conspiracy and false statement related to naturalization counts, the offense level was 14. On the counts

of false claims, theft of public property, and false statement related to the theft of public property, the base offense level was 6, with a 10-level increase because the amount of loss was more than $120,000, but less than $200,000, under U.S. Sentencing Guidelines Manual § 2B1.1(a)(2), (b)(1) (2009). Because the counts were closely related, the probation officer determined that the final combined adjusted offense level was 16.

Although Gloster had not been convicted of a felony prior to this proceeding, he had the following misdemeanor convictions: shoplifting, possession of marijuana, disturbing the peace and disorderly conduct, six reckless driving convictions, two no operator's license convictions, driving while under the influence, refusing a blood or breath alcohol test, driving on a suspended license, failure to obey a traffic signal, and possession of drug paraphernalia. Gloster was placed in criminal history category IV, with a resulting Guidelines range of 33-41 months. Neither party objected to the PSR.

Gloster requested a sentence at the bottom of the Guidelines range. The Government requested a sentence within the Guidelines range, but did not make a specific sentence request. The district court varied upward from the advisory Guidelines range and imposed a 48-month sentence on count three,

theft of public property. The sentences for the remaining counts were 41 months to be served concurrently.

In United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008), this court explained that, "no matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." 526 F.3d at 164 (citing Gall v. United States, 552 U.S. 38, 50 (2007)). In doing so, the court applies an abuse of discretion standard. Gall, 552 U.S. at 51; see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

After reviewing for procedural error, the court next assesses the substantive reasonableness of the sentence. This inquiry requires the court to review "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) [2006] factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. The court must take "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010).

Gloster only attacks his sentence based on the substantive reasonableness of the variance. Gloster contends that his variance sentence is substantively unreasonable because it is greater than necessary to punish him and is based on the district court's perception of Gloster's greed involved in the offense, which he contends is already considered by the offense level enhancement for amount of loss. The district court was well within its province to make a factual determination regarding Gloster's motivation for the offense and to rely on that determination, in part, to justify its decision to vary upward. Moreover, the district court relied on several of the § 3553(a) factors, in addition to Gloster's greed, at sentencing to support its decision. In particular, the court was concerned with Gloster's history of reckless driving, citing the worst driving record it had seen in twenty years and that Gloster appeared to have little respect for the law. Because there was no abuse of discretion in doing so, this court defers to that reasoning. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir. 2011) (holding sentencing court's decision to impose a sentence six years longer than advisory Guidelines range was reasonable because district court employed § 3553-based reasoning to justify the variance).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED